IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VANCE UTLEY,** | 1:15-cv-01086-DAD-SAB |
| Plaintiff, | **ORDER ON STIPULATION FOR PROTECTIVE ORDER** |
| v. | Action Filed: July 14, 2015 |
| **C. O. ACEVEDO, et al.,** | |
| Defendants. | |

Plaintiff Vance Utley and Defendants Acevedo and Wimer, through their respective counsel, stipulate to a protective order as follows:

A. CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER

Plaintiff has subpoenaed documents from the custodian of records for the California Substance Abuse Treatment Center and State Prison that include confidential matter consisting of (1) documents from the central files of inmates who are not parties to this action; (2) documents that make reference to personal information of inmates who are not parties to this action, (3) post orders of the two Defendants. The documents relating to inmates who are not parties to this action are confidential under title 15, section 2270 of the California Code of Regulations.

1

Defendants' post orders reveal information about the activities and practices of custody officers. The disclosure of these documents could jeopardize the safety staff and inmates, and the security of the institution. A protective order is necessary to maintain the confidentiality of these documents.

B. CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL

To enable Plaintiff and Defendants to use the confidential documents for purposes of this litigation, Defendants agree to release the confidential documents to Plaintiff's attorney on the following conditions:

1. The confidential material may be disclosed only to the following persons:

(a) Counsel of record for Plaintiff in this action;

(b) Legal and non-legal staff employed or retained by counsel for Plaintiff to whom it is reasonably necessary to disclose the information for this litigation;

(c) Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

(d) Any outside expert or consultant retained by Plaintiff's counsel for purposes of this action;

(e) Witnesses during the preparation for trial and trial, provided that no witness may have copies of any of the confidential material, and each witness shall be informed and agree to be bound by the terms of this order. In no event may Plaintiff or any other inmate have possession of any material that is subject to this stipulation.

(f) The jury during the presentation of evidence and the jurors' deliberations.

2. Plaintiff's counsel and legal and non-legal staff employed or retained by counsel for Plaintiff shall not make copies of the confidential material except as necessary for purposes of this litigation.

3. At the conclusion of this case, all confidential material in possession of Plaintiff's counsel shall be destroyed or returned to Defendants' counsel within 20 days of written request by Defendants' counsel.

4. Upon appropriate written request by Defendants' counsel, Plaintiff's counsel will provide written confirmation that the confidential material has been returned or destroyed.

5. No confidential material provided to Plaintiff's counsel shall be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

6. Any confidential material filed with the Court by either party shall be filed and maintained under seal.

7. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

8. The provisions of this protective order are without prejudice to the right of any party:

(a)  To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

(b)  To apply to the Court for an order removing the confidential material designation from any documents;

9. Nothing in this stipulation is intended to prevent the parties from seeking to admit the confidential information into evidence.

10. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO STIPULATED.

Dated:  April 6, 2016         ____/s/ David A. Carrasco_____
                              DAVID A. CARRASCO
                              Attorney for Defendants
                              *Acevedo and Wimer*

Dated:  April 5, 2016         ____/s/ Ken Karan_____
                              KEN I. KARAN
                              Attorney for Plaintiff *Utley*

\ \ \

Any documents and other information designated as Confidential Information pursuant hereto will not be automatically sealed as the parties must comply with the requirements of Local Rule 141 of the Eastern District of California before any sealing is considered.

IT IS SO ORDERED.

Dated: **April 12, 2016**

UNITED STATES MAGISTRATE JUDGE