UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE UTLEY,<br><br>            Plaintiff,<br><br>     v.<br><br>C.O. ACEVEDO, C.O. WIMER, and C.O. LOPEZ,<br><br>            Defendants. | No.  1:15-cv-01086-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN ORDER WITHOUT PREJUDICE<br><br> (Doc No. 34) |

Plaintiff is a prisoner proceeding in this action under 42 U.S.C. § 1983 and in forma pauperis pursuant to 28 U.S.C. § 1915.

On May 23, 2016, counsel for plaintiff filed a request seeking a court order requiring the warden at Salinas Valley State Prison ("SVSP") to permit counsel to bring a laptop computer into SVSP to access electronic records during a contact meeting at SVSP between counsel and his client.  (ECF No. 34.)  Therein, plaintiffs' also requested that the meeting be scheduled in a room with electrical power for counsel's laptop computer.  (Doc No. 34.)  Counsel indicated that he is meeting with plaintiff on May 26, 2016, at SVSP to review records and prepare for trial. Plaintiff's counsel also represents that he will be at SVSP on June 14, 2016, to represent plaintiff at his deposition.  Counsel asserts that he emailed his request to bring his laptop computer into SVSP for his interview with plaintiff to the SVSP litigation coordinator, but the request was

1

1    denied.  The denial simply stated that plaintiff's counsel could print out all the records that he

2    needs to bring.  (Doc No. 34-1 at 4.)  Plaintiff argues that there was no explanation for the denial

3    of the request and that he has been allowed to bring his laptop into other California prisons under

4    similar circumstances.  Plaintiff also argues that the cost of printing all of the records in this case

5    is prohibitive and that all of the records are available on plaintiff's counsel's laptop computer.

6           The short time between the filing of counsel's request and the scheduled May 26, 2016,

7    meeting is insufficient to allow the court to address the request on the merits.  The court has not

8    been able to determine defendant's position with respect to the request.  Nor has the court had

9    time to make inquiry to determine whether there is any legitimate reason for the litigation

10   coordinator's denial of counsel's request.  At first blush, there would appear to be none.  Of

11   course, for many years federal courts have employed an electronic case filing system under which

12   paper files have been eliminated.  The court is also aware of an expanding pilot program under

13   which civil rights complaints filed by California prisoners in federal court are submitted

14   electronically as well.  It would appear likely that at plaintiff's deposition in this case, the court

15   reporter will be allowed to enter the prison with electronic equipment.  There may well be many

16   more examples of computers being allowed inside of California prisons depending on the

17   circumstances.  However, the record here has not been adequately developed nor has counsel

18   adequately established the necessity of having his laptop computer available to him tomorrow

19   during his meeting in order to adequately represent his client.

20          Accordingly, plaintiff's request for the court to order the warden at Salinas Valley State

21   Prison to permit plaintiff's attorney to bring a laptop computer into Salinas Valley State Prison to

22   access electronic records during his May 26, 2016 meeting with plaintiff and to allow that

23   meeting to take place in a room that provides electrical power to the computer is denied without

24   prejudice to the bringing of a fully supported motion sufficiently in advance of any future

25   scheduled meeting or other proceeding inside of SVSP.

26   IT IS SO ORDERED.

27   Dated:   __May 25, 2016__                         _____

28                                                     UNITED STATES DISTRICT JUDGE

2