LAW OFFICE OF KEN I. KARAN
Ken I. Karan, Esq., California State Bar No. 204843
2907 Shelter Island Drive, Ste. 105-215
San Diego, CA 92106
(760) 420-5488
Fax (866) 841-5420
kkaran.law@gmail.com

*Attorney for Plaintiff Vance Utley*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE UTLEY,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>C.O. ACEVEDO, et al.,<br><br>　　　　Defendants. | CASE NO.: 1:15-cv-01086-DAD-SAB<br><br>STIPULATION AND ORDER TO MODIFY SCHEDULE AND CONTINUE TRIAL DATE<br><br>Complaint Filed:　　July 14, 2015 |

**Plaintiff's recitals:**

1. Plaintiff, currently incarcerated, claims injury to his eye as part of his damages in the above captioned matter.

2. Based on a review of the records by Plaintiff's expert, a comprehensive examination to determine the extent of his injury by a qualified ophthalmologist has not been performed. The lack of such an examination deprives Plaintiff of the ability to evaluate his damages and present evidence at trial.

3. Plaintiff has been discussing the need for a comprehensive left eye exam with CDCR since April 2016.

4. Plaintiff now concludes that a judicial remedy by way of a writ of habeas corpus will be required. The time to litigate such a remedy is estimated to take six months, which includes the

time to exhaust administrative remedies, obtain a decision on the writ, and, depending on the decision, complete expert discovery.

5. The current trial date is November 15, 2016. That date does not provide the time needed to resolve the dispute over the eye exam, obtain the exam, and complete expert discovery.

**The parties herein, by and through counsel, stipulate as follows:**

6. The trial date of November 15, 2016, and related dates should be continued as follows:

    Pre-trial Conference: January 3, 2017

    Trial: February 14, 2017

7. The expert discovery schedule should be modified to permit Plaintiff to amend his expert designation with the results of a comprehensive left eye examination, and to allow Defendants time to conduct discovery of the expert's opinions.

8. Defendants do not agree with Plaintiff's contention that he has not already been given a comprehensive ophthalmological examination but nonetheless will agree to the requested scheduled modifications concerning the pretrial conference, the trial date, and the deadline to supplement expert disclosures concerning Plaintiff's alleged injuries to his left eye only. So stipulated.

Dated:  August 16, 2016                              /s/Ken I. Karan
                                                                  Ken I. Karan, Esq.
                                                                  *Attorney for Plaintiff Vance Utley*

Dated:  August 16, 2016                              /s/David A. Carrasco
                                                                   David A. Carrasco, Esq.
                                                                  *Attorney for Defendants Acevedo and Wimer*

///

**ORDER**

The court has reviewed the stipulation of the parties seeking to modify the schedule in this action. The court will agree to modify that schedule in order to provide the parties additional time to complete expert discovery and prepare for the final pretrial conference and trial.[1] Accordingly, the scheduling order is modified as follows;

**Pre-trial Conference is continued to January 3, 2017, at 3:30 p.m. in Courtroom 5.**

**Jury Trial is continued to February 14, 2017, at 8:30 a.m. in Courtroom 5.**

Furthermore, the expert discovery schedule is modified to permit plaintiff to supplement his expert disclosure with the results of any comprehensive left eye examination he may undergo, and to allow defendants time to conduct discovery with respect to any supplemental opinion rendered by plaintiff's expert. The parties will complete expert discovery within 30 days of plaintiff's receipt of any examination results, but in no event later than December 12, 2016.

IT IS SO ORDERED.

Dated: **August 18, 2016**

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court is confused by the reference to a potential petition for writ of habeas corpus by plaintiff's counsel in the parties' stipulation. The undersigned cannot fathom how pursuit of habeas relief of some kind could be related to the conducting of discovery in this civil rights action and therefore does not find good cause for the requested continuance based upon such references.