# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE UTLEY,<br><br>                Plaintiff,<br><br>        v.<br><br>C.O. ACEVEDO, et al.,<br><br>                Defendants. | Case No.  1:15-cv-01086-DAD-SAB<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO COMPEL<br><br>(ECF Nos. 44, 48, 50, 51) |

Plaintiff Vance Utley ("Plaintiff") is a state prisoner who is represented by counsel and proceeding with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint in this action on July 14, 2015.  (ECF No. 1.)  This case now proceeds on the first amended complaint, which Plaintiff filed on May 18, 2016, against defendants C.O. Acevedo, C.O. Wimer, and C.O. Lopez for failure to protect.  (ECF No. 32.)  Defendant Lopez has not appeared in this action yet.

On June 29, 2016, Plaintiff filed a motion to compel the production of records from the California Department of Corrections and Rehabilitation ("CDCR").  (ECF No. 41.)  Plaintiff noticed the motion to compel for hearing on July 20, 2016.  The parties did not file a joint statement re discovery disagreement or an affidavit pursuant to Local Rule 251(d).  Therefore, the Court vacated the July 20, 2016 hearing; and Plaintiff's motion to compel was denied without prejudice on July 15, 2016.  (ECF No. 43.)

1

1    On July 17, 2016, Plaintiff filed a second motion to compel the production of records
2 from CDCR, which he titled an amended notice of motion and motion for order compelling the
3 production of records.  (ECF No. 44.)  Plaintiff's counsel also filed a 251(d) declaration on July
4 17, 2016.  (ECF No. 44-2.)

5    On July 29, 2016, Defendant C.O. Acevedo and Defendant C.O. Wimer ("Defendants")
6 filed an opposition to Plaintiff's motion to compel that only addressed whether Plaintiff's July
7 17, 2016 motion to compel was filed after the deadline for filing a motion to compel and whether
8 the Court should deny the motion to compel as untimely.  (ECF No. 48.)  Defendants requested
9 the opportunity to oppose the motion on its merits if the Court considers the merits of the motion.
10 In the interests of judicial efficiency, the Court ordered Defendants to file a response on the
11 merits to Plaintiff's July 17, 2016 motion to compel.  (ECF No. 49.)  On August 3, 2016,
12 Defendants filed an opposition to the motion to compel on the merits.  (ECF No. 50.)  On August
13 8, 2016, Plaintiff filed a reply to Defendants' opposition to the motion to compel.[1]  (ECF No.
14 51.)

15    The hearing on the motion to compel took place on August 10, 2016.  Ken Karan
16 appeared telephonically on behalf of Plaintiff.  California Deputy Attorney General David
17 Carrasco appeared telephonically on behalf of Defendants.  After the hearing, Defendants
18 submitted the confidential memorandum for an *in camera* review.  The Court also granted
19 Defendants' request to submit the documents that Defendants contend have already been
20 produced in discovery and contain the non-confidential information that is in the confidential
21 memorandum.  For the reasons set forth below, Plaintiff's motion to compel is granted.  The
22 November 25, 2014 confidential memorandum shall be produced to Plaintiff's counsel pursuant
23 to an attorney eyes only protective order.

24 / / /

25 

26 [1] In Plaintiff's August 8, 2016 reply, Plaintiff questions Defendants' standing to contest enforcement of the subpoena on CDCR.  Defendants in this case are correctional officers who are employed by CDCR and represented by the California Attorney General's Office.  The Court recognizes that in other cases, defendants and defendants'
27 counsel coordinate with CDCR to provide a response to a plaintiff's request.  Therefore, as Defendants are correctional officers who are represented by the California Attorney General's Office, it is appropriate for
28 Defendants and defense counsel to respond to the request for production and motion to compel.

# I.

## BACKGROUND

Plaintiff alleges that Defendants violated his constitutional rights in connection with their failure to protect him from an attack by inmates. Plaintiff alleges that on or about November 27, 2014, when Plaintiff was performing his program at Substance Abuse Treatment Facility-Corcoran State Prison ("SATF-CSP"), he noticed four inmates in a group taking an unnatural interest in his presence. Plaintiff understood the group of inmate's behavior as a prelude to an attack. Plaintiff went to the nearest office to find an escort from a correctional officer. Defendants Acevedo, Wimer, and Lopez were in the office. Plaintiff told the Defendants that he was about to be attacked and beaten by the inmates gathered outside of the office and he requested an escort to the program office. Officer Acevedo disparaged Plaintiff's concerns and rejected Plaintiff's plea for an escort. Plaintiff repeated his plea for an escort at least four times, during which Defendant Acevedo moved toward Plaintiff cursing him until Acevedo physically ejected Plaintiff from the office.

After he was ejected from the office, Plaintiff attempted to return to his housing, but within 20 to 50 feet of the door to the office, Plaintiff was attacked by the same inmates he earlier observed as a threat. The group of inmates hit, kicked, and beat him about his head and body.

Plaintiff suffered severe injuries as a result of the attack, including trauma to his left eye. Plaintiff initially lost vision in his left eye from the trauma and swelling. Plaintiff had lost vision in his right eye from an unrelated cause early in his life, so he was blind during the attack and unable to defend himself. Plaintiff has since regained some of his vision, but it is drastically reduced from what it was prior to the attack. Plaintiff must protect his vision from bright lights; and he is worried that he will become permanently blind. Plaintiff urinated blood for several days after the attack and he suffers from kidney damage. He also suffered neck and back injuries and trauma to his rib cage. He can only stand for short periods of time and suffers pain when he sits. He suffers extreme headaches when reading for only a few minutes. He was subjected to the deprivations of Administrative Segregation because he was attacked. Plaintiff will be

1  released from prison in the near future, but his employment prospects have diminished due to his

2  injuries.

3                                          **II.**

4                                  **LEGAL STANDARD**

5      Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in

6  pertinent part:

7          **(a) Motion for an Order Compelling Disclosure or Discovery.**
           **(1) *In General*.** On notice to other parties and all affected persons,
8          a party may move for an order compelling disclosure or discovery.
           The motion must include a certification that the movant has in
9          good faith conferred or attempted to confer with the person or
           party failing to make disclosure or discovery in an effort to obtain
10         it without court action.

11  Fed. R. Civ. P. 37.

12      Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be

13  treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  The Federal Rules

14  of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged

15  matter that is relevant to any party's claim or defense and proportional to the needs of the case,

16  considering the importance of the issues at stake in the action, the amount in controversy, the

17  parties' relative access to relevant information, the parties' resources, the importance of the

18  discovery in resolving the issues, and whether the burden or expense of the proposed discovery

19  outweighs its likely benefit."   Fed. R. Civ. P. 26(b)(1).   "Information within this scope of

20  discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

21  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it

22  would be without the evidence; and (b) the fact is of consequence in determining the action."

23  Fed. R. Evid. 401.

24                                         **III.**

25                                    **DISCUSSION**

26      In this instance, the parties are disputing whether Defendants should have to produce the

27  November 25, 2014 confidential memorandum authored by Mr. Garza.  Mr. Garza conducted an

28  investigation of the attack on Plaintiff and then authored a memorandum.

Plaintiff's Request No. 1:

All WRITINGS in their NATIVE FORM CONCERNING the attack on Vance Utley (CDCR No.: F97354) that occurred on or about November 25, 2014, at SATF. The WRITINGS include, but are not limited to, all investigative reports, witness interviews, conclusions drawn, and photographs and video of any item CONCERNING the attack.

(ECF No. 44-2 at 7.)

Defendants' Response:

SATF objects to this request on the grounds that it calls for documents that, if disclosed, would jeopardize the safety and the institution and safety of inmates and staff.  Subject to this objection, SATF produces the documents included in Attachments 1, 2, 4-6, 13, 15, and 24. SATF has no other responsive documents in its possession, custody, or control except for a confidential memorandum described on the attached privilege log.

(ECF No. 44-2 at 13.)

The relevant entry on the privilege log:

Request 1
a. Document description and date: Confidential memorandum, November 25, 2014
b. Author: C. Garza, Correctional Lieutenant, Facility A, SATF
c. Location of document: SATF and Defendants' counsel
d. Reason for not producing: This memorandum includes information obtained from confidential interviews with inmates who are not parties to this action. This confidential memorandum was prepared on the basis of interviews with inmates and with the understanding that statements made in the course of the interviews would remain confidential. The disclosure of the confidential material without a protective order would jeopardize the safety of the inmates who cooperated by giving the interviews and undermine CDCR's ability to assure inmates in its custody, who are asked to give interviews during the course of investigations that their statements will be maintained in confidence.

(ECF No. 44-1 at 4-5.)

## A.      Timeliness of Motion to Compel

Defendants argue that Plaintiff's motion to compel should be denied as untimely. Defendants argue that Plaintiff filed his motion to compel after the deadline for filing a non-dispositive motion and did not request a modification of the scheduling deadline.  In Plaintiff's August 8, 2016 reply, he argues that nothing in the Local Rules requires a finding of good cause to re-file notice.  At the hearing, Plaintiff argued that denying a motion without prejudice means that the second motion relates back to the date that the first motion was filed even if the deadline has past at the time the second motion is filed.  However, the Court is unaware of, and Plaintiff

1  was unable to provide, any authority that supports this argument.  Although Local Rule 251(a)
2  provides that the hearing regarding discovery disagreements may be dropped from the calendar
3  without prejudice if the joint statement or 251(d) declaration is not filed at least seven days
4  before the hearing, a party must still comply with the deadlines set out in the Court's scheduling
5  order.  To carry Plaintiff's assertions to its "logical" conclusion would mean that a "without
6  prejudice" is akin to an extension of court deadlines and that a party could bring future motions
7  merely by obtaining a "without prejudice" designation, despite  an order which sets forth the
8  deadlines the parties must adhere to.

9      Defendants argue that any extension of a deadline after deadline has passed must be by
10  motion and the movant must show excusable neglect under Federal Rule of Civil Procedure 6(b).
11  See Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).  In Lujan, the Supreme Court
12  noted that for an informal request to be considered a "motion," the opposing party must be on
13  notice that a motion is at issue and that he ought to respond.  Lujan, 497 U.S. at 896 n.5.

14      However, under Rule 16 of the Federal Rules of Civil Procedure, a discovery and
15  scheduling order controls the course of litigation unless the Court subsequently alters the original
16  order.  Fed R. Civ. P. 16(d).  Modification of a scheduling order requires a showing of good
17  cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson V.
18  Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the
19  party seeking the modification of a scheduling order must generally show that even with the
20  exercise of due diligence, they cannot meet the requirement of that order.  Id.  The court may
21  also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to
22  amend the scheduling order fails to show due diligence, the inquiry should end and the court
23  should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d
24  1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for
25  discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

26      Permitting the motion to compel to be considered on its merits would not substantially
27  prejudice Defendants, because Defendants are not prejudiced by any delays caused by the instant
28  motion.  If the Court orders Defendants to produce the confidential memorandum there will be

no prejudice to Defendants.  The production of the confidential memorandum does not affect any of Defendants' filings.  The deadline to file dispositive motions remained the same in this matter. In addition, the pretrial conference and jury trial dates remain the same.  The length of delay is not great and the delay has relatively little, if any, impact on the judicial proceedings.

In his instant motion to compel, Plaintiff presents several reasons why he did not comply with Local Rule 251 and file a joint statement by the required deadline for the prior motion to compel.  Plaintiff argues that he diligently pursued the prior motion to compel, but that last minute input from CDCR, defense counsel's desire to move the hearing date, Plaintiff's uncertainty that a hearing would be held, and the desire to include the deposition transcripts in support of the motion prevented Plaintiff from complying with the July 13, 2016 deadline for the joint statement.  The Court finds that Plaintiff attempted to act in good faith by trying to complete the joint statement along with Defendants.  Upon consideration of some due diligence on Plaintiff's part, and frankly, the lack of prejudice to Defendants, the Court finds that Plaintiff has demonstrated good cause to extend the deadline for filing a non-dispositive motion and the deadline for non-expert discovery relating to the instant motion to compel only.  Therefore, the Court will consider Plaintiff's motion to compel on the merits.

However, Plaintiff is cautioned that if he expects to move a hearing date or if there is uncertainty surrounding a hearing date, he should attempt to resolve those issues as early as possible, and not wait until only a few days before the hearing.  In the future, these will not be found as good reasons to excuse Plaintiff's delay and extend deadlines.  Also, although Plaintiff may have been diligently working on the joint statement and trying to coordinate its submission with Defendants, Plaintiff did not communicate to the Court that there would be a delay in filing the joint statement.  Absent extraordinary circumstances, the parties should file any requests for extensions of deadlines prior to the expiration of the deadline.  For any further requests to extend the deadlines, the Court will consider when the need to extend the deadline became known and the length of delay in seeking an extension.

**B.    Merits of Plaintiff's Motion to Compel**

Plaintiff contends that CDCR's position is that any document labeled confidential by

1    CDCR is beyond the reach of discovery in a civil case.  Plaintiff argues that CDCR does not

2    indicate how any person or security would be jeopardized by Plaintiff knowing who provided

3    information during the investigation; why a protective order would not be followed; whether the

4    witness requested confidentiality to provide a statement; the specific threats addressed by the

5    promise and whether the threats are real; and how discovery may be limited due to a promise of

6    confidentiality.

7         Defendants argue that the CDCR has labeled each memorandum as confidential and

8    maintained its confidentiality.   Plaintiff argues that a protective order assuring that the

9    confidential memorandum is "attorney's eyes only" will resolve any of those concerns.

10   Defendants counter that there is the possibility of inadvertent disclosure to Plaintiff.  Defendants

11   also assert that the information in the confidential memorandum, excluding the identities of the

12   confidential informants, has already been disclosed to Plaintiff.  Defendants suggest that the

13   Court could confirm this by conducting an *in camera* review.

14        M. Lujan, the litigation coordinator, declares that if confidential memoranda are

15   disclosed, inmates could use the information to determine the identity of informants and target

16   them for assault, extortion, or other predatory conduct, either directly or indirectly.  (Lujan Decl.

17   ¶ 4.)  M. Lujan also declared that "[s]ome of the information in this confidential memorandum

18   consists of allegations against inmates not parties to this action.   The disclosure of this

19   information would jeopardize the safety of the informant and the security of the institution."

20   (Lujan Decl. ¶ 5.)  Based on these statements in Lujan's declaration, it appears that there are

21   statements of informants in the confidential memorandum, and not merely statements of

22   percipient witnesses.   At the hearing, Defendants stated that there was information from

23   "confidential informants" in the confidential memorandum.

24        At the hearing, Defendants were asked what privilege they are asserting and what

25   authority supported their position.  Defendants replied that it is not a privilege and that it is to

26   protect confidential information that would undermine safety and security of the institution and

27   undermine the ability of CDCR staff to obtain information from confidential informants.

28   Defendants stated that generally, when information is obtained from confidential sources,

1    namely, prison informants, the memorandum is labeled confidential.  Defendants want to protect

2    the confidential informants in the memorandum at issue in this case.

3           The Court is sensitive to issues involving confidential informants and security measures

4    to protect inmates from other inmates.  However, in this case, Defendants have not articulated

5    any privilege or any legal authority that justifies withholding disclosure of the November 25,

6    2015 confidential memorandum other than a vague assertion based on safety and security

7    concerns of the inmates and the institution.  In their August 3, 2016 opposition on the merits,

8    Defendants cite sections 3321 and 3370 of the California Code of Regulations.  Discovery in

9    federal court is not governed by state prison regulations or the California Government Code.

10   The Court finds that Defendants' citations to those sources do not justify withholding disclosure

11   of the November 25, 2014 confidential memorandum.  Therefore, Defendants will have to

12   produce the November 25, 2014 confidential memorandum to Plaintiff.  However, the Court has

13   reviewed the November 25, 2014 confidential memorandum *in camera* to determine whether

14   disclosure of the memorandum should be subject to a protective order.

15          "The court may, for good cause, issue an order to protect a party or person from

16   annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

17   "The Ninth Circuit recognizes that district courts have great flexibility to protect documents that

18   contain confidential or commercially sensitive information."  Cabell v. Zorro Prods., Inc., 294

19   F.R.D. 604, 610 (W.D. Wash. 2013).  It is within the broad discretion of the district court to

20   determine the appropriate degree of protection provided by the protective order.  Id.  It is the

21   moving party who bears the burden of demonstrating that "good cause" exists for a protective

22   order to shield a party from "annoyance, embarrassment, oppression, or undue burden or

23   expense."  Id. (quoting Fed. R. Civ. P. 26(c)(1)).

24          Upon review of the confidential memorandum *in camera*, as well as the Court's review

25   of the documents that have been already produced to Plaintiff, the Court notes that the

26   confidential memorandum contains summaries of statements from three inmates.  The

27   memorandum contains a statement that if released to the public and other inmates may put that

28   inmate in a position of harm.  Therefore, the Court finds that the November 25, 2014 confidential

memorandum should be produced subject to an attorney eyes only protective order.  The parties shall submit a stipulated attorney eyes only protective order within seven days.  If the parties are unable to agree on the protective order, they may seek the Court's assistance to resolve any disagreement through the informal discovery dispute process found on the Court's website, under Judge Boone, in an effort to avoid expenses and further delays.

### IV.

### ORDER

Accordingly, IT IS HERBY ORDERED that:

1.  Plaintiff's motion to compel production of the November 25, 2014 confidential memorandum is GRANTED subject to an attorney eyes only protective order;

2.  The parties shall file a stipulated attorney eyes only protective order within seven days of the date of service of this order; and

3.  Defendants shall produce the November 25, 2014 confidential memorandum within seven days of the date that the protective order is approved by the Court.

IT IS SO ORDERED.

Dated:   **August 18, 2016**

UNITED STATES MAGISTRATE JUDGE