IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **VANCE UTLEY,**<br><br>                    Plaintiff,<br><br>     v.<br><br>**ACEVEDO, et al.,**<br><br>                    Defendants. | Case No. 1:15-cv-01086-DAD-SAB<br><br>**ORDER RE STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL MEMORANDUM** |

Subject to the approval of the Court, and in accordance with the Court's August 19, 2016 Order (ECF No. 60) ordering Defendants to produce a confidential memorandum, the parties, through their respective counsel, stipulate that the following provisions shall apply to the confidential memorandum.

A. CONFIDENTIAL MEMORANDUM SUBJECT TO THIS PROTECTIVE ORDER

This stipulation pertains to a confidential memorandum dated November 25, 2014, by Lieutenant C. Garza to Captain M. Hacker, concerning an assault on Plaintiff by another inmate on that date. Because of safety and security concerns, this memorandum may not be given or copied to anyone except as provided for by this stipulation. A protective order is necessary to maintain the confidentiality of these documents.

B. CONDITIONS FOR RELEASE OF THE CONFIDENTIAL MEMORANDUM

1. The confidential memorandum shall be marked "Confidential—Attorneys' Eyes Only" on each page, and marked in such fashion so as not to obscure any of the underlying content of the document.

)

2. The confidential memorandum may be disclosed to only the following persons:

    (a) Counsel for Plaintiff;

    (b) Legal and non-legal staff employed or retained by counsel for Plaintiff to whom it is reasonably necessary to disclose the information for this litigation;

    (c) Court personnel and court reporters employed by the Court who are involved in proceedings for this action;

    (d) Any other person as to whom Plaintiff's counsel and Defendants agree in writing.

3. Plaintiff's counsel shall not disclose the contents of the confidential memorandum to Plaintiff, members of Plaintiff's family, friends or associates of Plaintiff, any inmate or parolee, or the public.

4. No later than thirty days after the conclusion of the trial and any appeal, or upon other termination of this litigation, all copies of the confidential memorandum in possession of Plaintiff's counsel shall destroy all copies of the confidential memorandum.

5. Upon appropriate written request by Defendants' counsel, Plaintiff's counsel will provide written confirmation that all copies of the confidential memorandum in his possession, and in the possession of those he has provided copies to, have been destroyed.

6. The confidential memorandum provided to Plaintiff's counsel shall not be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

7. Any confidential material filed with the Court by either party shall be filed and maintained under seal.

8. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having the same access to the confidential memorandum that they would have in the normal course of their official duties.

9. The provisions of this protective order are without prejudice to the right of any party to apply to the Court for a further protective order relating to the confidential memorandum.

10. The provisions of this order shall remain in full force and effect until further order of this Court.

)

Dated: August 22, 2016         /s/ David A. Carrasco
                               DAVID A. CARRASCO
                               Deputy Attorney General
                               Attorney for Defendants
                               *Acevedo and Wimer*

Dated: August 22, 2016         /s/ Ken I. Karan
                               KEN I. KARAN
                               Law Office of Ken I. Karan
                               Attorney for Plaintiff *Utley*

**ORDER**

1. The parties stipulated protective order is approved;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:   **August 22, 2016**
                                      UNITED STATES MAGISTRATE JUDGE

3

)