# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE UTLEY,<br><br>      Plaintiff,<br><br>    v.<br><br>C.O. ACEVEDO, et al.,<br><br>      Defendants. | Case No. 1:15-cv-01086-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE TRIAL DATE<br><br>ORDER VACATING JANUARY 18, 2017 HEARING ON PLAINTIFF'S MOTION TO VACATE THE TRIAL DATE<br><br>(ECF Nos. 75, 78, 79, 81) |

**I.**

**BACKGROUND**

Plaintiff, represented by counsel, filed this action on July 14, 2015. On August 24, 2016, Plaintiff filed a second amended complaint, which is the operative complaint in this action, against Defendants Acevedo, Wimer, and Delarosa for failure to protect Plaintiff in violation of the Eighth Amendment and general negligence in violation of California law. (ECF No. 64.) On August 19, 2016, the District Judge modified the schedule and continued the trial date to February 14, 2017. (ECF No. 59.) On December 14, 2016, Plaintiff filed a first amended status report. (ECF No. 73.) On December 16, 2016, the Court issued an order directing Plaintiff to refile his request and serve notice of motion. (ECF No. 74.) On December 19, 2016, Plaintiff filed the instant motion to vacate the trial date. (ECF No. 75.) On December 22, 2016, the Court vacated the pretrial conference pending the ruling on Plaintiff's motion to vacate the trial date.

1  (ECF No. 77.) However, the Court stated that the trial remains on calendar for February 14,
2  2017. (ECF No. 77.) On January 3, 2016, Defendants filed an opposition to Plaintiff's motion
3  and Defendants' counsel, David Carrasco, filed a declaration and attached exhibits in support of
4  Defendants' opposition. (ECF Nos. 78, 79.) On January 5, 2017, the Court issued a scheduling
5  order. (ECF No. 80.) On January 11, 2017, Plaintiff filed a reply. (ECF No. 81.)

6      The Court, having reviewed the record, finds this matter suitable for decision without oral
7  argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set for
8  January 18, 2017, is vacated and the parties will not be required to appear at that time.

## II.
## LEGAL STANDARD

11      Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order
12  controls the course of litigation unless the Court subsequently alters the original order. Fed R.
13  Civ. P. 16(d). Rule 16 of the Federal Rules of Civil Procedure provides that, once a scheduling
14  order has issued, the schedule may be modified only for good cause. Fed. R. Civ. P. 16(b)(4).
15  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and
16  good cause requires a showing of due diligence, Johnson V. Mammoth Recreations, Inc., 975
17  F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a
18  scheduling order must generally show that even with the exercise of due diligence, they cannot
19  meet the requirement of that order. Id. The court may also consider the prejudice to the party
20  opposing the modification. Id. If the party seeking to amend the scheduling order fails to show
21  due diligence, the inquiry should end and the court should not grant the motion to modify.
22  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may
23  obtain relief from the court's deadline date for discovery by demonstrating good cause for
24  allowing further discovery. Fed. R. Civ. P. 16(b)(4).

## III.
## DISCUSSION

27      Plaintiff seeks to vacate the trial date because he alleges that he has not received a
28  thorough ophthalmology exam. Plaintiff argues that he meets the good cause standard to

1  continue the trial date because he could be suffering from conditions that could lead to blindness
2  without available treatment.  To the extent that Plaintiff argues that he is not receiving adequate
3  medical care for his eye, the Court notes that the adequacy of Plaintiff's medical care is not at
4  issue in this action.

5  Plaintiff also argues that he has no direct control over his medical care and that without
6  the data from a thorough ophthalmological examination, he will not be able to prove his
7  damages.  Defendants argue that there is not good cause for the requested continuance, because
8  Plaintiff does not explain why he waited until after the December 12, 2016 deadline to request
9  this schedule modification.  In his reply, Plaintiff argues that the "[i]ssues raised in the motion to
10 vacate the trial date are relevant to the trial date and would need to be addressed whether a
11 deadline existed or not."  (ECF No. 81 at 3.)

12 Pursuant to the Court's August 19, 2016 order modifying the schedule and continuing the
13 trial date, expert discovery was to be completed within 30 days of Plaintiff's receipt of any
14 examination results, but in no event later than December 12, 2016.  (ECF No. 59.)  The Court
15 stated that "the expert discovery schedule is modified to permit plaintiff to supplement his expert
16 disclosure with the results of any comprehensive left eye examination he may undergo, and to
17 allow defendants time to conduct discovery with respect to any supplemental opinion rendered
18 by plaintiff's expert."  (ECF No. 59 at 3.)  The Court further stated that it "is confused by the
19 reference to a potential petition for writ of habeas corpus by plaintiff's counsel in the parties'
20 stipulation.  The undersigned cannot fathom how pursuit of habeas relief of some kind could be
21 related to the conducting of discovery in this civil rights action and therefore does not find good
22 cause for the requested continuance based upon such references."  (ECF No. 59 at 3.)

23 Plaintiff argues that he will be unable to "bring a writ and assess his damages before a
24 February 2017 trial."  (ECF No. 75-1 at 6.)  Plaintiff is in the process of exhausting a 602 appeal
25 to receive a comprehensive ophthalmological examination.  Plaintiff argues that he has been
26 diligently pursuing informal and formal efforts to obtain the eye exam since the incident at issue
27 in this action.  Plaintiff contends that his efforts to exhaust a 602 appeal have been met with
28 resistance and that all indications are that his 602 appeal will not be exhausted until March 27,

1 | 2017. (ECF No. 75-1 at 4.)

2 |     Plaintiff's counsel declares that he drafted and mailed to Plaintiff an appeal on CDCR
3 | Form 602-HC on August 12, 2016, disputing the adverse decision denying him a comprehensive
4 | eye exam and requesting that one be provided. (December 19, 2016 Decl. of Ken Karan at ¶ 3,
5 | ECF No. 75-2 at 2.) Plaintiff states that on September 1, 2016, he submitted the appeal on
6 | CDCR Form 602-HC. (ECF No. 75-1 at 4.) The 602 form was received by SVSP Health Care
7 | Appeals on September 6, 2016, and it also states that Plaintiff is willing to pay for an exam by
8 | his own physician if CDCR will clear and transport him to his physician. (ECF No. 75-2 at 13.)
9 | On September 10, 2016, the appeals office rejected the appeal, because the appeal makes a
10 | general allegation, but fails to state facts or specify an act or decision consistent with the
11 | allegation. (ECF No. 75-2 at 15.) Plaintiff alleges that the September 10, 2016 letter was not
12 | delivered to Plaintiff until September 29, 2016. (Karan Decl. at ¶ 7.)

13 |     Plaintiff indicates that the appeal was reinstated at the second level review on October 6,
14 | 2016. (Karan Decl. at ¶ 11.) On November 3, 2016, Plaintiff's second level health care appeal
15 | was partially granted as Plaintiff's evaluation for transitional and progressive lens is under
16 | review and the appeal was bypassed to the second level to facilitate exhaustion of administrative
17 | remedy. (ECF No. 75-2 at 9.) Plaintiff's requested eye exam was denied. (ECF No. 75-2 at 9.)

18 |     On November 21, 2016, Plaintiff's counsel had not received word on the status of the
19 | appeal, so he requested a status report from officials at the Inmate Correspondence and Appeals
20 | Branch (ICAB). (Karan Decl. at ¶ 13.) Plaintiff's counsel was informed that the November 3,
21 | 2016 letter was mailed to Plaintiff on November 7, 2016, and he received the record of appeal on
22 | November 23, 2016. (Karan Decl. at ¶¶ 14-15.)

23 |     Plaintiff's counsel completed the appeal, signed it on behalf of Plaintiff, and mailed it
24 | directly to ICAB on November 23, 2016. (Karan Decl. at ¶ 16.) On November 29, 2016,
25 | Plaintiff's counsel requested confirmation that the appeal had been received, but officials did not
26 | respond, so he emailed the appeal to the Third Level Review on December 5, 2016. (Karan
27 | Decl. at ¶¶ 17-18.) On December 7, 2016, ICAB stated that the appeal had been delivered to
28 | Plaintiff on December 2, 2016. (Karan Decl. at ¶ 19.) Plaintiff's counsel then asked whether

1  Plaintiff had been informed that Plaintiff's counsel had mailed the appeal to ICAB so that
2  Plaintiff could ratify the submission, but officials did not respond. (Karan Decl. at ¶ 20.) On
3  December 10, 2016, Plaintiff's counsel received the appeal from Plaintiff, which he then
4  returned to Plaintiff with instructions to sign it and send it to ICAB on December 12, 2016.
5  (Karan Decl. at ¶ 22.)

6  Plaintiff contends in his motion to vacate the trial date that should ICAB accept the
7  appeal by December 23, 2016, and use the full 60 business days to process it, exhaustion will not
8  occur before March 23, 2017. See 15 CCR § 3084.8(c)(3). Plaintiff seeks to continue the trial
9  date until after a future decision by the United States District Court for the Northern District of
10 California ("Northern District") or until he is released from prison in 2018 and can see a doctor
11 outside of prison. Plaintiff refers to a writ being decided in the future by the Northern District,
12 but it is unclear what type of writ Plaintiff intends to file in the Northern District. It is merely
13 speculation at this time that the Northern District will grant Plaintiff a writ for a comprehensive
14 ophthalmological examination. The Court will not indefinitely continue the trial in this matter
15 while a possible writ for an ophthalmological examination is litigated in the Northern District. If
16 Plaintiff's writ is unsuccessful in the Northern District, then Plaintiff will not have a
17 comprehensive ophthalmological examination, and will be in the same position that he currently
18 finds himself.

19 Plaintiff's arguments miss the mark. In a case litigated in federal district court, his
20 remedies exist not in the prison administrative process, but through the Federal Rules of
21 Evidence and Federal Rules of Civil Procedure. Under the Federal Rules of Evidence and
22 Federal Rules of Civil Procedure, there are ways a plaintiff can acquire the information that
23 Plaintiff seeks in order to prove his damages even when he is incarcerated. Although Plaintiff
24 argues that he has no direct control over his medical care, he could have asked the Court in this
25 case to order that he have his own ophthalmologist examine him, whether at the prison or at the
26 ophthalmologist's office.[1]

---

27 [1] Plaintiff has been pursuing attempts to have CDCR provide him with a "comprehensive ophthalmological examination." It is not a third party's burden to provide him with his proof of damages at the third party's expense.
28 Plaintiff could have obtained his own medical examination and if resistance by Defendant or prison officials because

Assuming without deciding that Plaintiff could obtain the relief requested by these methods, he could have, but did not, pursue relief in this Court under Rules 35 and 45 of the Federal Rules of Civil Procedure and Rule 706 of the Federal Rules of Evidence. Rule 35 allows the Court to "order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a).[2] Plaintiff could have served a subpoena under Rule 45 to have Plaintiff produced for a medical examination. See Fed. R. Civ. P. 45. Under Rule 706, a court may appoint an expert witness and may direct any party to pay the compensation for the expert.

However, Plaintiff never sought court intervention to obtain his discovery and obtain it before the discovery deadline. See Scheduling Order, ECF No. 17. In the January 5, 2016 scheduling order, the Court cautioned the parties that the discovery and expert cut-off deadlines were the dates by which all discovery must be completed, and that absent good cause, discovery motions would not be heard after the discovery deadlines. (ECF No. 17 at 3.) It appears that Plaintiff did not heed that admonishment.

Plaintiff also seems to recognize the option of seeking his own examination as he states in his motion that even if CDCR ordered that Plaintiff be transported to Bakersfield to be examined by his ophthalmologist today, there would be insufficient time to prepare for the February 14, 2017 trial. However, Plaintiff did not pursue a request to be examined by his expert in this case before the discovery deadline. In fact, to date, Plaintiff has not made a request in this case to have his expert examine him. While Plaintiff has been pursuing a 602 appeal for CDCR

---

of security concerns, he could have brought the matter to Court to have the Court adjudicate it. No such attempt was made here. It is arguable that Plaintiff made a request in his 602-A form to be transported to his own ophthalmologist when he said, "[w]ithout waiving my claim that CDCR has a duty to provide the requested medical care, I am willing to pay for an exam by my own physician if CDCR will clear and transport me to my physician. The exam requires specialized equipment that cannot be transported to the institution." (ECF No. 75-2 at 13.) However, the Court notes that the November 23, 2016 appeal form completed by Plaintiff's counsel only states the following reasons for Plaintiff's dissatisfaction with the Second Level response: "[t]he Second Level Response indicates only an interest to correct vision without determining whether the deterioration of my visual acuity is a symptom of traumatic injury that could lead to future complications, including blindness." (ECF No. 75-2 at 12.)

[2] The Court is mindful that there may exist authority by which a person cannot request a Rule 35 examination of his own person. However, in spite of this, Rule 45 may have provided a means to address Plaintiff's issue, as well as other available motions under the law. Irrespective, Plaintiff did not seek court adjudication of his issue by means of a motion.

to provide Plaintiff with an examination, and arguably, for CDCR to transport Plaintiff to his own ophthalmologist, Plaintiff failed to promptly pursue his options in this action for having the ophthalmological examination that he states is necessary and to do so in time for trial.

Additionally, although Plaintiff has been pursuing a 602 appeal for months, there is no explanation as to why he did not seek to amend the scheduling order until after the December 12, 2016 expert discovery deadline passed. In the Court's August 19, 2016 order granting Plaintiff's motion to compel, regarding the issue of moving a hearing date, the Court cautioned Plaintiff that he should resolve issues as early as possible and not wait until only a few days before the hearing. (ECF No. 60 at 7.) The Court stated, "[a]bsent extraordinary circumstances, the parties should file any requests for extensions of deadlines prior to the expiration of the deadline." (ECF No. 60 at 7.) The Court advised the parties that "[f]or any further requests to extend the deadlines, the Court will consider when the need to extend the deadline became known and the length of delay in seeking an extension." (ECF No. 60 at 7.) Plaintiff has not explained why he waited until after the deadline to complete expert discovery passed to seek to vacate the trial date for a second time. The Court's orders, and specifically deadlines set forth in scheduling orders, are not mere suggestions, they are orders. The parties are expected to comply with the Court's orders.

Lastly, Plaintiff also does not provide any authority to support his request for an extension based on exhausting a 602 appeal and a future writ or because he has not received an examination which a party alleges is necessary to prove his or her damages.

Therefore, the Court finds that Plaintiff has not shown that good cause exists to amend the scheduling order in this instance. Accordingly, Plaintiff's motion to vacate the trial date is denied.

/ / /
/ / /
/ / /
/ / /
/ / /

**IV.**

**ORDER**

Based on the foregoing, Plaintiff's motion to vacate the trial date is HEREBY DENIED, and the previously scheduled hearing set for January 18, 2017, at 10:00 a.m. in Courtroom 9 is VACATED.

IT IS SO ORDERED.

Dated:   **January 12, 2017**

UNITED STATES MAGISTRATE JUDGE