# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE UTLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C.O. ACEVEDO, et al.,<br><br>　　　　　Defendants. | Case No.  1:15-cv-01086-DAD-SAB<br><br>ORDER SETTING SCHEDULE FOR MOTIONS FOR ATTENDANCE OF INCARCERATED WITNESSES |

Plaintiff is a prisoner, represented by counsel, proceeding in this action under 42 U.S.C. § 1983.  On January 17, 2017, Defendants filed a request for attendance of an inmate witness at trial.  (ECF No. 83.)  Since prior notice of the procedures was not provided, Defendants may supplement their request to comply with this order.  The parties shall comply with the following procedures associated with bringing incarcerated witnesses to trial in this action.  **A failure to comply with these requirements will result in an exclusion of witnesses and will not be just cause for continuance of the trial date.**

## I.

## DISCUSSION

Notwithstanding the requirements set forth herein, a motion for the attendance of incarcerated witnesses will only be granted by the Court if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case.  Wiggins v. Cnty. Of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983). In order to address security concerns, expenses associated with security and transportation, and to ensure that its intended witnesses who are subpoenaed do testify, the

1

1 decision to grant or deny the motion is within the discretion of the Court.

2       **a.**       **Procedures for Obtaining Attendance of *Incarcerated Witnesses Who Agree* to**
3                      **Testify Voluntarily**

4         An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot

5 come to court unless the Court orders the warden or other custodian to permit the witness to be

6 transported to court.  The Court will not issue such an order unless it is satisfied that the

7 prospective witness has actual knowledge of relevant facts.

8         A party intending to introduce the testimony of incarcerated witnesses who have agreed

9 voluntarily to attend the trial must serve and file a written motion for a court order requiring that

10 such witnesses be brought to court at the time of trial.  The motion must: (1) state the name,

11 address, and prison identification number of each such witness; and (2) be accompanied by

12 declarations showing that each witness is willing to testify and that each witness has actual

13 knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of

14 Incarcerated Witnesses."

15         The willingness of the prospective witness can be shown in one of two ways: (1) the

16 party by and through his counsel can swear by declaration under penalty of perjury that the

17 prospective witness has informed the party that he or she is willing to testify voluntarily without

18 being subpoenaed, in which declaration the party must state when and where the prospective

19 witness informed the party of this willingness; or (2) the party can serve and file a declaration,

20 signed under penalty of perjury by the prospective witness, in which the witness states that he or

21 she is willing to testify without being subpoenaed.

22         The prospective witness's actual knowledge of relevant facts can be shown in one of two

23 ways: (1) if the party has actual firsthand knowledge that the prospective witness was an

24 eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell

25 and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff

26 may swear to the cellmate's ability to testify), the party by and through his counsel can swear by

27 declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the

28 party can serve and file a declaration signed under penalty of perjury by the prospective witness

in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

The parties shall file any motions for the attendance of incarcerated witnesses who are willing to testify, on or before January 20, 2017.  Oppositions, if any, must be filed on or before January 25, 2017, at noon.

**b.    Procedures for Obtaining Attendance of *Incarcerated Witnesses Who Refuse to Testify Voluntarily***

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party must submit a motion for the attendance of such witnesses.  An incarcerated witness cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court.  The Court will not issue an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by a showing that each witness has actual knowledge of relevant facts.   The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff

may swear to the cellmate's ability to testify), the party by and through his counsel can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

The parties shall file any motions for the attendance of incarcerated witnesses who refuse to testify voluntarily, on or before January 20, 2017. Oppositions, if any, must be filed on or before January 25, 2017, at noon.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  If the parties intend to call incarcerated witnesses at trial, the parties shall file motions for attendance of incarcerated witnesses as described in this order on or before **January 20, 2017;** and

2.  Oppositions to the motions for the attendance of incarcerated witnesses, if any, shall be filed on or before **January 25, 2017, at noon.**

IT IS SO ORDERED.

Dated:   **January 17, 2017**

UNITED STATES MAGISTRATE JUDGE